```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**DERRICK JOHNSON,**

                           **Plaintiff,**

          v.                                   CASE NO. 20-3155-SAC

**DONALD HUDSON, et al.,**

                           **Defendants.**

## ORDER OF DISMISSAL

This matter is a civil action filed by a prisoner in federal custody. Although plaintiff commenced this action as a petition for habeas corpus under 28 U.S.C. § 2241, because he challenges the conditions of confinement imposed at USP-Leavenworth due to the COVID pandemic, the Court liberally construed this matter as a civil rights action seeking injunctive relief.

Because plaintiff is subject to the provisions of 28 U.S.C. § 1915(g)[1] he may not proceed in forma pauperis unless he demonstrates that he is in imminent danger of serious physical harm. The Court determined that he had not made that showing and directed him to submit the filing fee of $400.00 on or before July 13, 2020.

Plaintiff filed a response to that order in which he objects to the inclusion of two 2019 dismissals as qualifying strikes on the

---

[1] Section 1915(g) states: In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [§ 1915] if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

ground that those decisions are on appeal. That status, however, does not prevent the Court from considering the decisions in determining whether §1915(g) bars plaintiff from proceeding in forma pauperis. *Coleman v. Tollefson,* --- U.S. ----, 135 S.Ct. 1759, 1763 (2015) (holding that a dismissal on a ground listed in § 1915 counts as a strike even if the dismissal is pending on appeal). Accordingly, the Court finds that the cases cited as strikes in its earlier order were properly counted and that plaintiff's failure to submit the filing fee as directed requires the dismissal of this matter without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 14th day of July, 2020, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge